\*J. D. STUCKEY ET AL. V. J. T. BLOOMER, ADMR.

1. OVERRULING A MOTION FOR NEW TRIAL CONTINUED TO A SUBSEQUENT TERM.

Where a motion for a new trial, for errors of law occurring at the trial, is continued to a subsequent term, the overruling of such motion is not assignable as error, unless such errors were excepted to at the time and the exceptions reduced to writing at the trial term.

2. MOTION FOR NEW TRIAL ON THE GROUND OF NEWLY DISCOVERED EVIDENCE.

A motion for a new trial on the grounds of newly discovered evidence, must be made at the trial term.   After such term the application must be by petition in accordance with the provisions of sec. 5309 of the Rev. Stat.

ERROR to the Court of Common Pleas of Fayette county.

At the February term, 1887, of the common pleas, the defendant in error, as administrator of Elijah Bloomer, deceased, obtained a verdict against the plaintiffs in error.

A motion for a new trial upon the ground that the verdict was against the weight of the evidence, and for errors of law occurring at the trial, was made, but not heard until the following (June) term.

At the latter term an additional motion was filed on the ground of newly discovered evidence which was supported by affidavits.   These were controverted.   Both motions were overruled and judgment entered on the verdict. Thereupon a bill of exceptions, embodying all the evidence as well upon the merits of the case as upon said motions, together with the charge and the exceptions thereto, was taken and this proceeding instituted to obtain a reversal of said judgment.

SHEARER, J.

The error assigned in this case is the refusal of the court to grant a new trial upon the grounds stated in the motion therefor.·  The exceptions based upon alleged errors of law occurring at the trial not having been reduced to writing at the trial term, must be disregarded.   Sec. 5307, Rev. Stat.; Kline v. Wynne, 10 O. S., 223.

This being so, the only question to be considered under the first motion is whether the verdict is against the weight of the evidence, and whether, upon the whole case, the judgment is contrary to law.   We see no error in this regard.

*This case was dismissed by the Supreme Court, for want of preparation, April 21, 1891.

The second motion was properly overruled. An application for a new trial on the ground of newly discovered evidence, is addressed to the sound discretion of the court, and in the absence of statutory provisions, the rulings thereon cannot be assigned for error unless there has plainly been an abuse of judicial discretion. Smith v. Bailey, 26 O. S., 1; Moore v. Coates, 35 O. S., 177.

Again the motion came too late. The application by motion can only be made at the term at which the verdict is rendered. Sec. 5307, Rev. Stat. After the term the party seeking a new trial on this ground, must proceed by petition in accordance with the provisions of sec. 5309, Rev. Stat.

Judgment affirmed.

C. A. Palmer and Mills Gardner, for plaintiffs in error.

Judge Ace Gregg, for defendant in error.

---

## VENDOR'S LIEN.　542

[Greene Circuit Court, October Term, 1887.]

Follett, Shauck and Shearer, JJ.

(Judge Follett, of the Fifth Circuit, taking the place of Judge Stewart.)